UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10024 -RWZ

UNITED STATES OF AMERICA

v.

MARK J. ZIMNY

ORDER

December 8, 2017

ZOBEL, S.D.J.

The government has moved to revoke defendant Mark J. Zimny's conditions of release and to order his detention. Docket # 433. It contends that Zimny is no longer eligible for bail pursuant to 18 U.S.C. § 3143(b) because his appeal before the Court of Appeals is no longer pending. Defendant counters that this court's order of release continues through the certiorari process of his direct appeal. The statute provides that a defendant may seek release pending an appeal "or a petition for a writ of certiorari," 18 U.S.C. § 3143(b)(1).

Nevertheless, in light of the procedural posture of this case, I find that defendant fails to meet his burden under 18 U.S.C. § 3143(b)(1)(B). Section 3143(b)(1)(B) requires defendant to show that (1) the appeal raises a substantial question of law or fact; and (2) if that substantial question is determined favorably on appeal, that decision is likely to result in reversal or an order for a new trial. Id. A substantial question

1

means "a 'close' question or one that very well could be decided the other way." United States v. Bayko, 774 F.2d 516, 523 (1st Cir. 1985) (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)).

Here, Zimny states that his counsel is preparing a petition for writ of certiorari on his assertion that his right to counsel under the Sixth Amendment was violated, and contends that neither this court nor the Court of Appeals "engaged in the required balancing analysis [under United States v. Gonzalez-Lopez, 548 U.S. 140 (2006)]," Docket # 434, at 7. When the Court of Appeals previously allowed defendant's release, it expressed some doubt as to the guilty judgment. Docket # 363. Its more recent opinion fulsomely dispels that doubt, including as to the Sixth Amendment issue and the considerations on the right to counsel under Gonzalez-Lopez and Wheat v. United States, 486 U.S. 153 (1988). See Docket # 427, at 22–44. Accordingly, I find that Zimny has not identified a substantial question of law or fact that raises a "close" question for which he could prevail and that would likely result in a reversal or an order for a new trial. Bayko, 774 F.2d at 523; see 18 U.S.C. § 3143(b)(1)(B).

For these reasons, the government's motion (Docket # 433) is ALLOWED. Defendant's conditions of release are revoked effective January 3, 2018, when he shall return to custody and self-report to Taft Correctional Institution in Taft, California.

| December 8, 2017 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |