UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10024-RWZ

UNITED STATES OF AMERICA

v.

MARK J. ZIMNY

MEMORANDUM & ORDER

December 10, 2019

ZOBEL, S.D.J.

Following a jury trial, petitioner Mark J. Zimny was convicted of five counts of wire fraud, five counts of engaging in unlawful monetary transactions, two counts of filing false tax returns, and one count of bank fraud. In brief, Zimny operated a fraudulent educational consulting business that he used to solicit money from his foreign clients, promising to make development contributions to elite boarding schools to support their children's applications, but instead pocketed the money for himself. On September 16, 2015, he was sentenced to 63 months imprisonment and now seeks to vacate his conviction under 28 U.S.C. § 2255. Docket # 458. In lieu of a formal response from the government, I asked the parties to submit supplemental briefing addressing the facial viability of Zimny's claims of ineffective assistance of counsel.

After reviewing this briefing in concert with the files and records of the case, I find he has not alleged any cognizable claims and therefore deny his petition.

## I. Legal Standard

If "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," a court need not engage in a full determination on the merits of a Rule 2255 petition. 28 U.S.C. § 2255(b); see also Rule 4(b), Rules Governing Section 2255 Proceedings. Under this standard, an evidentiary hearing is not necessary when the motion "(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974). "Moreover, when, as in this case, a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

Zimny claims he was denied his Sixth Amendment right to the effective assistance of counsel. To prevail, he must show (1) deficient performance of counsel, and (2) resulting prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong, defendant bears the burden to show that "counsel's representation fell below an objective standard of reasonableness," judged by reference to "prevailing professional norms" and "viewed as of the time of counsel's conduct." Id. at 687-90. And under the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." Id. at 694. "[A] reviewing court need not address both requirements if the evidence as to either is lacking." Sleeper v. Spencer, 510 F.3d 32, 39 (1st Cir. 2007).

## II. Discussion

Zimny's ineffective assistance claims stem from an allegation that his counsel filed "inadequate on their face," "untimely," and "generally ineffective" motions informing the court of an emerging conflict in attorney Kevin Reddington's trial schedule and requesting a continuance of the trial date. Docket # 458 at 2. Specifically, Zimny claims his counsel did not adhere to Local Rule 40.2(d), which requires counsel to notify the presiding state and federal judges of an impending scheduling conflict no later than seven days after the conflict emerges. He also argues that counsel was slow to formally request a continuance of the trial. Zimny raised identical points on direct appeal, arguing that the denial of his continuance motion deprived him of his Sixth Amendment right to counsel of choice. The First Circuit affirmed. Zimny now recasts the issue as one of ineffective assistance of counsel.

Yet even if counsel's conduct was deficient under the first Strickland prong, Zimny cannot show any resulting prejudice. At the outset, the decision to deny Zimny's continuance motion had little, if anything, to do with his counsel's presentation of the motion and everything to do with the immutable procedural history of the case. As I stated at the time:

> Because the current trial date was set on November 6, 2014, four and one-half months ago; because the trial has been continued at least three

> times previously at defendant's request; because this case is more than two years old; and because defendant has four counsel who are not conflicted, at least one of whom is known to be experienced, able and clearly familiar with this case, the motions to continue the trial (Docket ## 164 and 165) are DENIED.

Docket # 166 at 2.  That ruling did not fault, or even mention, the timeliness of Zimny's motions or his disinclination to follow Local Rule 40.2.  And though later, on the first day of trial, the court suggested that counsel could have done more to facilitate communication between it and the state court judge, this was a passing comment made while allowing counsel to renew, for the benefit of the record, the motion for a continuance.  This exchange had no impact on the prior ruling.

In any event, Zimny fails to make a colorable argument that Reddington's resulting absence had any discernable impact on the course and outcome of the trial.  His motion boils down to two claims of prejudice.

First, Zimny contends that his lead counsel at the trial, Albert Watkins, was unprepared to cross-examine an important witness, Gerald Chow.

> Watkins failed to utilize certain exhibits, inquire about important conversations that the witness had with the defendant regarding the disbursement of funds and was completely deficient in probing the witness about meetings he had with the defendant about how funds were to be reallocated following his children's unsuccessful admission to Phillips Andover and St. Paul's School.

Docket # 458 at 4. Yet Zimny does not detail the "certain exhibits" and "important conversations" Watkins should have explored on cross, nor does he explain how these alleged holes in testimony impacted the ultimate result of the trial.  Though he does not,

4

at this early stage, need to <u>prove</u> that the result of trial would have been different, he does need to allege enough facts to raise a plausible theory for such an impact. <u>David v. United States</u>, 134 F.3d 470, 478 (1st Cir. 1998) affirming dismissal of Section 2255 motion as "mere buzznacking" where "the petitioner offered the district court no names, dates, places, or other details"); <u>Hogan</u>, 494 F.2d at 1222 (Section 2255 motion is inadequate on its face if it contains "only 'bald' assertions of cognizable claims without adequate supporting factual allegations"). Thus, the facts alleged with respect to the cross-examination of Chow are inadequate on their face.

Second, Zimny faults his counsel for failing to make a "reasonable investigation" into a purportedly exculpatory document.

The document, marked Exhibit 1615, presents as an internal memorandum on school letterhead allegedly authored by Timothy Struthers, then the Director of Development at The Loomis Chaffee School. The memorandum describes a series of meetings and conversations between Struthers and the defendant regarding the recruitment of wealthy Asian families to the school.

Midway through trial, the government raised an objection to the authenticity of Exhibit 1615 and the court held a voir dire of Struthers outside the presence of the jury. When questioned by defense attorney Richard Annen, Struthers testified definitively that Exhibit 1615 was not written by him, pointing out several conspicuous details in the style and format of the document, and explaining that he had never seen the document until it

surfaced in this case. With this vehement denial, and without any other evidence to contest Struthers' testimony, Annen decided not to offer Exhibit 1615 into evidence.

Zimny now faults his counsel for failing to conduct any further investigation or call any additional witnesses to support the authenticity of Exhibit 1615. He argues that an unaddressed conflict of interest prevented Annen from making this investigation. Annen represented to the court that he had received Exhibit 1615 from another of his clients, Chang Woo Soh, whose name is mentioned in the document itself. Zimny now contends that at the time of his trial, Annen was representing Soh in an unrelated civil matter and thus was reluctant to call him as a witness to authenticate Exhibit 1615.

This second ineffective assistance argument fails for the same reason as the first: even accepting Zimny's allegations as true, he fails to articulate the prejudicial impact that the absence of Exhibit 1615 had on the outcome of the trial. Though the document suggests a connection between Zimny's two clients, the Sohs and the Chows, it does not on its face exonerate Zimny. In fact, the testimony raised serious questions of fraud in the creation of the document, which alone supports Annen's withdrawal thereof. Moreover, without a description of the factual theory he believes this document supports and an explanation of how the pursuit of this theory, aided by admission of Exhibit 1615, would have altered the outcome of the trial, Zimny cannot meet the prejudice prong.

In sum, because Zimny cannot articulate the prejudice caused by any of his allegations of counsels' deficient performance, his motion fails on its face. Accordingly,

Zimny's motion to vacate under 28 U.S.C. § 2255 (Docket # 458) is DENIED.  However, a certificate of appealability shall issue as to Zimny's claims regarding the cross-examination of Gerald Chow and exculpatory evidence regarding Exhibit 1615, but not as to any other claims.  28 U.S.C. § 2253(c)(2).  Rule 11, Rules Governing Section 2255 Proceedings.


SO ORDERED.


|   December 10, 2019   |   /s/ Rya W. Zobel   |
|:---:|:---:|
| DATE | RYA W. ZOBEL |
| | SENIOR UNITED STATES DISTRICT JUDGE |