UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 13-CR-10024-RWZ

UNITED STATES OF AMERICA

v.

MARK J. ZIMNY

MEMORANDUM & ORDER

May 13, 2020

ZOBEL, S.D.J.

Following a jury trial, petitioner Mark J. Zimny was convicted of five counts of wire fraud, five counts of engaging in unlawful monetary transactions, two counts of filing false tax returns, and one count of bank fraud. The court sentenced him to 63 months imprisonment. On direct appeal of that conviction,[1] he argued that the court improperly denied one of his counsel's motion to continue the trial due to a scheduling conflict in state court. The First Circuit affirmed the conviction, holding that this court did not abuse its discretion in denying the motion to continue. On collateral review under 28 U.S.C. § 2255, he filed a habeas petition to vacate his sentence, asserting trial counsel's ineffectiveness in filing the motion to continue was constitutional error. The court disagreed, and petitioner is currently appealing that order.

---

[1] Because Mr. Zimny is a prodigious litigator, I recite only the history relevant to today's motions.

1

Mr. Zimny also moved to reduce his sentence pursuant to the recent expansion of 18 U.S.C. § 3582's compassionate release safety valve in the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194. That motion was denied.

Subsequently, petitioner was released to a residential reentry center, whence he has filed three motions: one to reconsider the denial of the motion for reduction of his sentence; one for a hearing on that question; and, separately, one for release on bond during the appeal of his habeas petition.

## I.   Motions for Hearing and Reconsideration

Petitioner has no absolute right to a hearing.  The motion for hearing is denied.

The motion for reconsideration contends that COVID-19 is a new "extraordinary and compelling reason" for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). Given petitioner's pending appeal before the First Circuit, I lack the authority to grant this motion.  United States v. Torres-Oliveras, 583 F.3d 37, 44 (1st Cir. 2009) (stating the general rule that "the filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal").  I may and do, however, deny the motion.  Fed. R. Crim. P. 37(a).  Mr. Zimny has articulated no particular medical condition that places him at higher risk than any other resident.  In addition, he points to no actual cases of the virus in the facility where he lives.

Alternatively, petitioner frames his motion as an application for writ of habeas corpus under 28 U.S.C. § 2241 because his conditions of confinement violate the Eighth Amendment, U.S. const. amend. VIII.  Those conditions, even as he describes them,

are not sufficiently bad to constitute cruel and unusual punishment.  The motion for reconsideration is therefore denied.

## II.     Motion for Bond

The district court's authority to grant bail to a habeas petitioner should be exercised "very sparingly" because "a defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly." Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985).  As such, "federal courts very rarely find exceptional circumstances and very rarely release petitioners before ruling on the merits of their post-judgment claims. Indeed, there seem to be but a handful of decisions in which federal courts have released petitioners pending review of their claims." Felton v. Goguen, Civil Action No. 4:16-CV-40155-TSH, 2017 WL 7792576, at *3 (D. Mass. Sept. 27, 2017) (quoting Inman v. Austin, No. 2:15-cv-00267-JAW, 2015 U.S. Dist. LEXIS 147908, at *5 (D. Me. Oct. 30, 2015)).  After denial of those claims, as in this case, the funnel narrows even further.

When a convicted person asks for bail pending review of denial of his § 2255 petition, two situations allow for his release on bail.  The first situation is when the petitioner presents "not merely a clear case on the law but a clear, and readily evident, case on the facts." Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972) (citing Benson v. California, 328 F.2d 159 (9th Cir. 1964)).  "Merely to find that there is a substantial question is far from enough." Id.  The arguments in this habeas appeal are not such evident winners, as demonstrated by the fact that the court has already denied them.

In the second situation, two requirements must be met: 1) "some circumstance making this application exceptional and deserving of special treatment in the interests of

justice" and 2) substantial questions presented on appeal.[2]  Id. (quoting Aronson v. May, 85 S.Ct. 3, 5 (1964)).  Here, petitioner argues COVID-19 is an exceptional circumstance because he is proceeding pro se in the habeas appeal and the lockdown at his facility prevents him from accessing a library.  He submitted, however, a substantial brief in the appeal after this motion was filed, undermining that claim.  To the extent there are barriers to his legal work, he has also already received filing extensions from the First Circuit.  The interests of justice, therefore, do not demand special treatment.  The motion for bond is denied.

### III.    CONCLUSION

The motions (Dockets ## 497, 498, 502) are DENIED.

|  |  |
|---|---|
| __May 13, 2020__ | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

---

[2] I note that petitioner, in attempting to establish such substantial questions, relies heavily on the question whether *Strickland* prejudice must be presumed because the attorney's deficient handling of the motion to continue caused "structural errors." The First Circuit, however, denied his motion to expand the certificate of appealability to include this question. Zimny v. United States, No. 20-1028 (1st Cir. Apr. 1, 2020) (order denying motion to expand certificate of appealability).