UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 13-10024-RWZ

UNITED STATES OF AMERICA

v.

MARK J. ZIMNY

<u>MEMORANDUM & ORDER</u>

August 2, 2021

ZOBEL, S.D.J.

Following trial, a jury convicted petitioner Mark J. Zimny on five counts of wire fraud, five counts of engaging in unlawful monetary transactions, two counts of filing false tax returns, and one count of bank fraud. On September 16, 2015, he was sentenced to 63 months' imprisonment. On April 26, 2019, after the First Circuit affirmed the judgment, he filed a petition for habeas relief under 28 U.S.C. § 2255. (Docket # 458).[1] Because this court questioned the facial viability of petitioner's single claim for ineffective assistance of counsel, it directed the parties to submit supplemental briefing on that issue. (Docket # 471). Upon review of those briefings and with the experience of having presided over the trial, the court determined that the petition "fail[ed] on its face" and therefore denied it without reaching the merits thereof. (Docket # 483 at 6). Petitioner's appeal from that order is pending before the First Circuit, yet

---

[1] Petitioner has serially sought relief from his conviction. <u>See</u> (Docket # 225 (motion for new trial); Docket # 301 (notice of appeal); Docket # 458 (petition for habeas relief); Docket # 486 (motion for compassionate release); Docket # 487 (notice of appeal); Docket # 498 (emergency motion for reconsideration of motion for compassionate release); Docket # 511 (motion to vacate)).

1

his latest effort is the instant motion to vacate it. (Docket # 511). He invokes Rule 60(b)(4) of the Federal Rules of Civil Procedure on the ground that the "order of judgment" denying his petition is void because it did not "fully address . . . on the merits" the "claims" he presented. (Id. at 1).[2]

"Rule 60(b) may not be used to advance a 'claim' that is, in effect, a successive habeas petition." United States v. Durrani, No. 5:86-cr-59, 2017 U.S. Dist. LEXIS 121401, at *10–11 (D. Conn. Aug. 2, 2017) (citing Gonzalez v. Crosby, 545 U.S. 524, 531 (2005)).

> A motion can . . . be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

Gonzalez, 545 U.S. at 532; see also Munoz v. United States, 331 F.3d 151, 153 (1st Cir. 2003) ("If, however, 'the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured[,] the motion may be adjudicated under the jurisprudence of Rule 60(b).'" (quoting Rodwell v. Pepe, 324 F.3d 66, 67 (1st Cir. 2003))). Petitioner's Rule 60 motion challenges the court's

---

[2] "District courts have jurisdiction to entertain Rule 60(b) motions directly even where an appeal from the challenged judgment is pending." United States v. Mahoney, 105 F. Supp. 3d 140, 142 (D. Mass. 2015) (citing Puerto Rico v. Colocotroni, 601 F.2d 39, 42 (1st Cir. 1979)); see also Labrecque v. Stackley, No. 14-cv-00357, 2017 U.S. Dist. LEXIS 64610, at *5–6 (D. Me. Apr. 28, 2017) ("[O]rdinarily the filing of a notice of appeal divests the district court of jurisdiction . . . . However, . . . [t]he First Circuit has held that district courts may consider and deny Rule 60(b) motions without seeking leave of the appellate court to do so . . .").

proceedings in relation to his earlier petition and is therefore appropriate for resolution by this court.

Under Rule 60(b)(4), "the court may relieve a party . . . from a final judgment" that is "void." Fed. R. Civ. P. 60(b)(4). The "concept of void judgments is narrowly construed." United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990). "A judgment is void, and therefore subject to being set aside under Rule 60(b)(4), only if the court lacked jurisdiction or committed a plain usurpation of power constituting a violation of due process." Indianapolis Life Ins. Co. v. Herman, 204 F. App'x 908, 910 (1st Cir. 2006). "A judgment is not void simply because it is or may have been erroneous; it is void only if, from its inception, it was a legal nullity." Id. (quoting Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995)). "A party seeking such relief must demonstrate "that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 37–38 (1st Cir. 2013) (quoting Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009)).

Petitioner asserts that this court failed to address certain claims on their merits. (Docket # 511). In fact, he brought only one claim, for ineffective assistance of counsel, and now misconstrues the purported facts and examples he provided in support of that claim as several distinct claims. See (Id. at 12, 13 & n.10). In denying the petition, the court made clear that the petition was inadequate on its face and thus consideration on the merits was not required. (Docket # 483 at 2, 6). This approach is supported by First Circuit precedent, which holds that "summary dismissal is appropriate when the section

2255 petition '(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992) (quoting United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978)); see id. ("[A] section 2255 petition predicated on specific assertions of fact allegedly supported in the record may be dismissed summarily by the district court since 'only [the] district court knows definitely, without a hearing, whether the petitioner's facially adequate supporting allegations are in fact untrue . . . .'" (quoting Moran v. Hogan, 494 F.2d 1220, 1222 n.1 (1st Cir. 1974))); see also (Docket # 483 at 2 (citing Moran, 494 F.2d at 1222)).  Having failed to demonstrate that the judgment was void under Rule 60(b)(4), petitioner's motion is DENIED.  See Indianapolis Life Ins. Co., 204 F. App'x at 910; Nansamba, 727 F.3d at 37–38.

The motion (Docket # 511) is DENIED as is a certificate of appealability.  See Rule 11, Rules Governing Section 2255 Proceedings.

   August 2, 2021     
          DATE

/s/ Rya W. Zobel  
RYA W. ZOBEL  
UNITED STATES DISTRICT JUDGE